**Jesus A. DIAZ, Plaintiff,**

v.

**ARAPAHOE (BURT) FORD, INC.,
a Colorado corporation,
Defendant.**

**No. Civ.A. 99–K–1058.**

United States District Court,
D. Colorado.

Oct. 13, 1999.

Richard Stephen Shaffer, Richard S. Shaffer & Associates, P.C., Aurora, CO, for plaintiff.

James M. Dieterich, Ali John Farhang, White & Steele, P.C., Denver, CO, for defendant.

Michael J. Dommermuth, McGloin, Davenport, Severson & Snow, P.C., Denver, CO.

## ORDER

KANE, Senior District Judge.

Defendant Arapahoe (Burt) Ford, Inc. ("Burt") moves to dismiss Plaintiff's discrimination claims in this lawsuit on grounds that Plaintiff entered into a "binding arbitration agreement" with Burt to arbitrate all employment disputes between them when he "acknowledged receipt," in writing, of Burt's 1997 Employee Manual which includes such an agreement. I vacated the Scheduling Conference previously set in this case pending resolution of Defendant's Motion. Upon consideration of the facts and arguments set forth in the Defendant's Motion and Plaintiff's Response, I waive further briefing and DENY the Motion.

The "binding arbitration agreement" invoked by Burt in the instant case provides that "all claims ... [including] employment discrimination claims, ...

WILL BE RESOLVED EXCLUSIVELY THROUGH BINDING ARBITRATION," and further provides that:

> This arbitration provision may be enforced according to Colorado law, *but does not constitute an employment agreement ... and does not make any other provision of the Employee Manual contractual or otherwise legally enforceable.*

Dispute Resolution Provision of Burt Automotive Network 1997 Employee Manual (Def.'s Mot. Dismiss, Ex. C). Where an employee handbook sets forth the "binding arbitration agreement" invoked by a defendant-employer to urge the dismissal of an employee's Title VII claims, a disclaimer in the handbook that nothing other than the arbitration provision is "legally enforceable" is fatal to the defendant's position. While an employer may wish the power to select which representations in its manual an employee's "acknowledgment and receipt" will make binding, I will neither confer such power nor give it the imprimatur of this court.

Treating Defendant's Motion to Dismiss as one for summary judgment under Fed. R.Civ.P. 12(b)(6), IT IS ORDERED the Defendant's Motion is DENIED. Plaintiff's request for attorney fees is also DENIED. The Scheduling Conference previously set for October 6, 1999 and vacated will be reset for October 21, 1999, at 4:30 p.m.